**SIULEO POUESI, Plaintiff,**

**v.**

**AMERICAN SAMOA GOVERNMENT,
AMERICAN SAMOA ENVIRONMENTAL PROTECTION
AGENCY, and DOES 1-10, inclusive, Defendants.**

High Court of American Samoa
Trial Division

CA No. 84-00

August 15, 2001

Before RICHMOND, Associate Justice, and ATIULAGI, Associate

Judge.[*]

Counsel: For Plaintiff, Katopau T, Ainu`u
       For Defendants, Martin D. McCarthy, Asst. Attorney General

## ORDER GRANTING DEFENDANTS SUMMARY
## JUDGMENT AND DISMISSING ACTION

On July 26, 2000, plaintiff Siuleo Pouesi ("Pouesi") brought this action against defendants American Samoa Government ("ASG") and American Samoa Environmental Protection Agency ("ASEPA") to recover damages due to the alleged conversion of a logo designed by Pouesi for ASEPA. On August 7, 2000, pursuant to T.C.R.C.P. 12(b)(6), ASG and ASEPA moved to dismiss Pouesi's complaint for failure to state a claim on which relief can be granted based on the tolling of the relevant statute of limitations. Counsel argued the motion on September 22, 2000.

On September 21, 2000, the day before the hearing on the motion to dismiss, Pouesi filed a memorandum in opposition of the motion and his affidavit stating additional facts. On September 27, 2000, ASG and ASEPA filed a reply to the opposition memorandum and their counsel's affidavit, stating he was unaware of Pouesi's opposition memorandum and affidavit until after the hearing. Accordingly, we have also considered the reply memorandum.

### Standard of Review

A motion to dismiss will be treated as a summary judgment motion when evidence extrinsic to the complaint is presented to and is considered by the court. *Samoana Fellowship, Inc. v. Am. Samoa* Power *Auth.*, 24 A.S.R.2d 71, 72 (Trial Div. 1993) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). Pouesi's affidavit explicated new facts as evidence of the chronology of events to sustain his claim. We considered the merit of the facts contained in the affidavit and, therefore, must treat the motion to dismiss as a motion for summary judgment.

Summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). The Court must view the pleadings and supporting papers in the light most favorable to the non-moving party. *Amerika Samoa Bank v, United Parcel Serv.*, 25 A.S.R.2d 159,

---

[*] Temporary Associate Judge Tauanu`u Faisiota sat at the hearing on this motion. However, he resigned from the Court to take his seat in the Senate of the Legislature of American Samoa before the Court completed deliberations on the matter at hand for purposes of issuing this order.

161 (Trial Div. 1994); *Ah Mai v. Am. Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989). If the moving party makes a prima facie case that would entitle movant to a directed verdict if uncontroverted at trial, the burden shifts to the adverse party, who must "set forth specific facts showing that there is a genuine issue for trial." T.C.R.C.P. 56(e).

## Facts

Pouesi designed a logo for ASEPA in 1986. A disagreement then ensued between him and ASEPA as to payment for and use of the design. Though Pouesi alleges that ASO and ASEPA made unkept promises concerning the disagreement and that he occasionally threatened legal action, he did not initiate any formal claim until the present one was filed. ASEPA apparently used the logo for over a decade.

Some 13 years after providing the logo to ASEPA, in or about February 1999, Pouesi claims to have first discovered that ASEPA sold T-shirts and mugs printed with the logo he designed. On April 2, 1999, Pouesi submitted an administrative claim to the Attorney General, a prerequisite under the Government Tort Liability Act ("G.T.L.A."), A.S.C.A. § 43.1205, to initiate tort actions against ASG. On May 18 and 20, 1999, the Attorney General advised Pouesi that his claim does not fall under the purview of the G.T.L.A.

## Discussion

ASG and ASEPA argue that the statute of limitations has tolled for Pouesi's claim against ASG and ASEPA for damages due to tortious conversion of his logo design. This argument is supported by statute and case law.

■ Tort claims against ASG are subject to the G.T.L.A., which states that such claims "shall be forever barred unless an action on it is begun within 2 years after the claim accrues." A.S.C.A. § 43.1204. Our most recent line of cases interpreting the term "accrues" for purposes of A.S.C.A. § 43.1204 focuses on the relationship between the accrual of a claim and the filing of the pre-requisite administrative claim. *See Bradcock v. Am. Samoa Gov't*, 1 A.S.R.3d 42, 43 (App. Div. 1997) (applying tolling doctrine to the statute of limitations, effectively adding a three-month period of administrative processing to the two-year statute of limitations of G.T.L.A., thereby creating a 27-month time period in which to file a tort action against ASG); *Bradcock v. Am. Samoa Gov't*, 28 A.S.R.2d 62, 64 (Trial Div. 1995); *Randall v. Am. Samoa Gov't*, 19 A.S.R.2d 111, 116 (Trial Div. 1991); *Mataipule v. Tifaimoana*, 16 A.S.R.2d 48, 50 (Trial Div. 1990) (claim under G.T.L.A. accrues for purposes of § 43.1204 when the administrative claim is denied).

Thirteen years passed between Pouesi's first dispute, whereby he claims to have confronted ASEPA about its failure to pay for his logo design, and his discovery and contest of ASEPA's use of his design for allegedly commercial purposes. This more than surpasses the 27-month statute of limitations applicable to conversion actions against ASG under *Braddock*, and so seems to bar Pouesi's action.

Pouesi argues, however, that the statute of limitations should be regarded as accruing from the time he discovered the conversion by commercial use of the logo in February 1999. Such a ruling by the Court would render the filing of this action well within the limitation period of 27 months.

■ However, the majority common law is definitive in holding that, in actions for conversion, the cause of action accrues on the date of the conversion, regardless of when the plaintiff discovers the conversion or whether he demanded the return of the property, unless the case involves fraudulent concealment or other act of deceit designed to hide the defendant's actions from the plaintiff. *Therrell v. Georgia Marbel Holdings Corp.*, 960 F.2d 1555, 1560 (11th Cir. 1992); *Jackson v. Am. Credit Bureau, Inc.*, 531 P.2d 932, 934 (Ariz. 1975); *Small Business Admin. v. Echevarria*, 864 F. Supp. 1254, 1260 (S.D. Fla. 1994); *see generally* 18 AM. JUR. 2D *Conversion* § 94 (1985); 51 AM. JUR. 2D *Limitation of Actions* § 123 (1985).

There is neither allegations nor evidence of fraud in this case. All events surrounding the disputed acquisition of the logo by ASEPA, the terms of the acquisition, and failures of ASEPA to pay began much longer than 27 months ago, in 1986.

The statute of limitations has clearly transpired, barring Pouesi from bringing this claim for conversion. Therefore, this action will be summarily dismissed.

## Order

Summary judgment shall enter in favor of ASG and ASEPA against Pouesi, and this action is dismissed.

It is so ordered.